[Cite as *K. Hovnanian Oster Homes, LLC v. Lorain Zoning Bd. of Appeals*, 2015-Ohio-5317.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| K. HOVNANIAN OSTER HOMES LLC | C.A. No.     14CA010677 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LORAIN OHIO ZONING BOARD OF APPEALS (CITY OF) | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.     13CV179899 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2015

SCHAFER, Judge.

{¶1} Defendant-Appellant, the City of Lorain, Ohio Board of Zoning Appeals ("Board"), appeals the judgment of the Lorain County Court of Common Pleas reversing the Board's decision to deny the request of Plaintiff-Appellee, K. Hovnanian Oster Homes, LLC's ("K. Hovnanian") for a riparian setback variance. For the reasons set forth below, we affirm.

I.

{¶2} K. Hovnanian is a homebuilding company that owns an approximately 30-acre parcel of land in Lorain, Ohio. This parcel of land is located near the confluence of the East Branch of Beaver Creek and its North Stem. However, because this parcel of land abuts an existing watercourse in the City of Lorain, it is subject to certain city regulations. *See* Lorain Codified Ordinance ("L.C.O.") 1533.07(a). One such regulation, which is at issue in this case, requires a riparian setback of at least 75 feet "on both sides of all watercourses draining an area greater than one half square mile and up to and including 20 square miles." L.C.O. 1533.08.

{¶3} K. Hovnanian plans on developing this unimproved land for a residential subdivision. On January 2, 2013, the City of Lorain Planning Commission, which has the same members as the Board of Zoning Appeals, preliminarily approved K. Hovnanian's development plan subject to its concerns regarding storm water management issues. K. Hovnanian subsequently filed an application with the Board for an area variance so that it could encroach upon the mandated 75-foot riparian setback. Specifically, K. Hovnanian sought a variance to reduce the setback to 25 feet in the open areas for storm water management purposes and 50 feet in the lots to allow for the construction of backyards and lawn maintenance. K. Hovnanian also hired a local company, Hydrosphere Engineering, to conduct a detailed flood plain study and analysis. Hydrosphere Engineering prepared a report from its findings, which K. Hovnanian provided to the Board for consideration. After hearing testimony of representatives from both the City of Lorain and K. Hovnanian on March 6, 2013, the Board expressed grave concerns regarding potential flooding and denied K. Hovnanian's requested variance.

{¶4} Pursuant to R.C. 2506.01(A), K. Hovnanian filed an administrative appeal with the Lorain County Court of Common Pleas. The trial court ultimately determined that the Board applied the incorrect legal standard when determining K. Hovnanian's request and failed to properly consider the factors enumerated in L.C.O 1533.14. The trial court also found that the Board's decision was not supported by a preponderance of substantial, reliable, and probative evidence to support a denial of the requested area variance. As such, the trial court reversed the Board's decision and ordered that the Board approve K. Hovnanian's requested variances.

{¶5} The Board filed this timely appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred as a matter of law by holding that the Lorain Board of Zoning Appeals' denial of the Appellee's request for variance was unsupported by a preponderance of substantial [sic] reliable, and probative evidence presented on the whole record and by ordering the Lorain Zoning Board of Appeals to approve said request for variance.**

{¶6} In its sole assignment of error, the Board argues that the trial court erred by reversing its decision denying K. Hovnanian's variance application. We disagree.

{¶7} Pursuant to R.C. 2506.04, a common pleas court examining an appeal from a zoning board's decision "may find that the * * * decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." *Id.* The common pleas court may affirm, reverse, vacate, or modify the commission's decision in accordance with its findings. *Id.; Frantz v. Ohio Planning Comm. of Wooster,* 9th Dist. Wayne No. 12CA0025, 2013–Ohio–521, ¶ 6. R.C. 2506.04 further provides that "[t]he judgment of the [common pleas] court may be appealed * * * on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

{¶8} In *Henley v. Youngstown Bd. of Zoning Appeals,* 90 Ohio St.3d 142 (2000), the Supreme Court of Ohio clarified that "[t]he standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is 'more limited in scope'" than the standard of review applied by the trial court. (Emphasis deleted.) *Id.* at 147, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). "'This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the

same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'" *Id.,* quoting *Kisil* at 34, fn. 4.

> "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so."

*Id*., quoting *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988). An appellate court's determination of an administrative appeal is limited to whether the trial court abused its discretion. *Lorain City School Dist. Bd. of Educ.* at 261. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶9} Here, the Board advances three arguments to establish error in the trial court proceedings. First, the Board disputes the trial court's finding that the Board applied the incorrect legal standard when determining whether to deny K. Hovnanian's application for an area variance. "The standard for granting a variance which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use." *Kisil* at syllabus. Accordingly, "[a]n application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties." *Id*. Following *Kisil*, the Court subsequently decided *Duncan v. Village of Middlefield*, 23 Ohio St.3d 83 (1986), where it held that a property owner seeking an area variance must demonstrate that the application of an area zoning requirement to his property is inequitable and unreasonably deprives him of a permitted use of his property. *Id*. at 86. In *Duncan*, the Court also articulated a non-exhaustive list of factors to consider when determining whether a property owner seeking an area variance has

encountered practical difficulties in the use of his property. *Id*. These factors include, but are not limited to:

> (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (*e.g.,* water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance.

*Id*. at syllabus. L.C.O. 1533.14 contains a number of factors aside from the *Duncan* factors that the Board must first consider before ruling on an application for an area variance.

{¶10} According to the Board's appellate brief, "the record [of the Board meeting] evidences that the Board did not find that 'practical difficulties' were encountered by [K. Hovnanian]." However, after thoroughly reviewing the record, we agree with the trial court's finding that the Board appeared confused as to which legal standard to apply in this matter. The transcript of the Board meeting indicates that the only reference made to a legal standard pertained to the higher "unnecessary hardship" standard that is only applicable in use variance cases, not area variance cases. As such, the record indicates that the Board applied the wrong legal standard to K. Hovnanian's requested variance and we cannot determine that the trial court erred in finding that the Board applied the incorrect legal standard.

{¶11} Second, the Board disputes the trial court's finding that the Board did not properly consider the criteria set forth in L.C.O. 1533.14, which states that:

> (a) The City of Lorain may grant a variance from this regulation as provided herein. In determining whether there is unnecessary hardship or practical difficulty such as to justify the granting of a variance, the City of Lorain

*shall* consider the potential harm or reduction in riparian and/or wetland area functions that may be caused by a proposed structure or use.

(b)     In making a variance determination, the City of Lorain *shall* consider the following:

(1)     Varying the front, rear and side yard setback before the riparian and wetland setbacks are varied.

(2)     Variances should not be granted for asphalt or concrete paving in the riparian and wetland setbacks in any situation where gravel or porous pavement (i.e., porous payers, and similar products) will do the job.

(c)     In making a variance determination, the City of Lorain *may* consider the following:

(1)     A parcel existing at the time of passage of this ordinance is made unbuildable.

(2)     The soil type natural vegetation of the parcel, as well as the percentage of the parcel that is in the 100-year floodplain. The criteria of the City of Lorain's flood damage prevention regulations may be used as guidance when granting variances in the 100-year floodplain.

(3)     The extent to which the requested variance impairs the flood control, soil erosion control, sediment control, water quality protection, or other functions of the riparian and/or wetland area. This determination shall be based on sufficient technical and scientific data.

(4)     The degree of hardship this regulation places on the landowner, and the availability of alternatives to the proposed activity.

(5)     Soil disturbing activities permitted in a riparian and/or wetland setback through variances should be implemented in order to minimize clearing to the extent possible, and to include Best Management Practices necessary to minimize soil erosion and maximize sediment control.

(6)     The presence of significant impervious cover, or smooth vegetation such as maintained lawns, in riparian setback areas compromises their benefits to the City of Lorain.

(7)     A reduction in storm water infiltration into the soil in wetland areas will occur.

(8)     A requested above ground fence does not increase the existing area of mowed grass or lawn.

(Emphasis added.) Thus, L.C.O. 1533.14(b) contains two factors that the Board *must* consider when making a variance determination, whereas subsection (c) of the ordinance contains a list of eight factors that the Board *may*, but is under no obligation to, consider when making a variance determination.

{¶12} Here, the trial court noted that the Board failed to make findings of fact before ruling on K. Hovnanian's variance application. Thus, the trial court reviewed the transcript of the Board meeting and determined that the Board failed to consider the mandatory factors prior to ruling on K. Hovnanian's application. The trial court then weighed the presented evidence and concluded that the Board's denial of K. Hovnanian's application was not supported by a preponderance of substantial, reliable and probative evidence to justify the denial of the requested area variance at issue in this case.

{¶13} After reviewing the record, we agree with the trial court's determination that the Board did not properly consider the mandatory factors enumerated in L.C.O. 1533.14 prior to denying K. Hovnanian's variance application. A review of the March 6, 2013 Board meeting transcript indicates that not all of the L.C.O. 1533.14(b) factors were discussed. Moreover, the Board's appellate brief fails to argue that the Board properly considered all of the requisite factors before ruling against the variance application. *See* App.R. 16(A)(7).

{¶14} Lastly, the Board contends that the trial court erred by discounting the import and credibility of the City of Lorain citizens who voiced opposition to K. Hovnanian's variance request at the Board meeting. However, the trial court's weighing of evidence is a question that is beyond the scope of an appellate court's review. *See* R.C. 2506.04. As such, we reject the Board's argument on this point.

{¶15} For these reasons, we cannot conclude that the trial court abused its discretion by reversing the Board's ruling denying K. Hovnanian's application for an area variance.

{¶16} The Board's assignment of error is overruled.

III.

{¶17} With the Board's sole assignment of error having been overruled, the decision of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

WHITMORE, J.
CONCURS.

HENSAL, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

PATRICK D. RILEY, Law Director, and MALLORY J. HOLMES, Assistant Law Director, for Appellant.

BRUCE RINKER and ANYTHONY COYNE, Attorneys at Law, for Appellee.